UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS A. CABANAS,
HERLAM E. FIGUEROA,
ABEL PRIETO
MOISES ROMAN
and other similarly-situated individuals,

v.

CARGO FORCE, INC.

      Defendant,
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, MOISES ROMAN, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant CARGO FORCE, INC.

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, and MOISES ROMAN are residents of Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiffs are covered employees for purposes of the Act.

3. Defendant CARGO FORCE, INC. (hereinafter CARGO FORCE, or Defendant) is a Florida Corporation which has its place of business in Dade County, within the

jurisdiction of this Court. At all times material hereto Defendant CARGO FORCE was and is engaged in interstate commerce. All the action raised in this complaint took place in Dade-County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

4. This cause of action is brought by Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, MOISES ROMAN as a collective action to recover from Defendant minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 8, 2014 (the "material time") without being compensated.

5. Defendant CARGO FORCE is a service company providing full aircraft ground support, and cargo handling services to airlines serving Miami International Airport. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. At all times, Defendant had more than two employees regularly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business

activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

6. The Plaintiffs' work for the Defendant likewise affected interstate commerce. Plaintiffs were employed by an enterprise engaged in interstate commerce and through their daily activities they regularly engaged in interstate commerce when he participated in the Company's shipping and receiving activities to and from different interstate locations. Therefore, there is FLSA individual coverage.

7. Defendant CARGO FORCE hired Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, and MOISES ROMAN as non-exempt, hourly ramp agents, as many others similarly situated employees.

8. Defendant employed Plaintiffs at different times and periods, but all of them were subjected to the same employment practices and they were not paid minimum wages and overtime hours at the rate of time and a half their regular rate.

9. Plaintiffs were non-exempt hourly employee, and had duties as ramp agents, as such. Plaintiffs' hourly rate is subjected to the Dade County Living Wage Ordinance 2-8.9 which determined the rate of $12.23 an hour for the period from April 15, 2014 to September 2014; $12.46 from October 1, 2014 to September 2015; and $12.63 for the period October 2015 to September 2016.

10. During all the time that Plaintiffs worked for CARGO FORCE, Plaintiffs worked in excess of 40 hours. Plaintiffs maintained morning or night regular shifts of 12 or more hours daily during six or seven days, per week. Plaintiffs worked a minimum of 60, 72, and 82 hours per week. Plaintiffs did not take lunch breaks.

11. However, Plaintiffs and other similarly situated individuals were paid for less than 40 hours every week. Plaintiffs were not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time is determined and controlled by Defendant.

12. Defendant paid just for single hours or half hours, Defendant routinely rounds down more than 15 minutes of Plaintiffs and other similarly situated employees working hours.

13. In addition to the waiting time that was not paid, Plaintiff were not compensated for compensable on-call time.

14. Defendant established for Plaintiffs and other similarly situated employees, mandatory shifts of more than 12 hours daily. Plaintiffs and other similarly situated individuals were engage to wait. Defendant required Plaintiffs to wait on Defendant's premises or at home to be given "short notice" that an incoming airplane that needs to be loaded or unloaded will arrive "shortly", Plaintiffs and other similarly situated employees wait for several hours until the plane arrived.

15. Plaintiffs and other similarly situated employees would load or unload it, then Plaintiffs and other similarly situated employees were forced to wait for the next flight, but they were paid for a single hour or half an hour of regular pay.

16. The "short notices" of "shortly arrivals" prevented Plaintiffs and other similarly situated employees from using the time effectively for their own purposes. Plaintiffs and other similarly situated employees were warned that not reporting to work, while on call, would lead to termination for "job abandonment".

17. As a result, the common practice was that Plaintiffs and other similarly situated individuals were "on call" significantly longer that the time actually expending on loading and unloading cargo, with such time being off-the-clock without compensation.

18. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiffs and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

19. Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, and MOISES ROMAN are owed an average of 8 regular hours per workweek, at the applicable rate, plus 20-32-34 hours of compensable waiting time and on-call hours, which constitute overtime hours, that must be paid at the rate of time and a half their regular rate.

20. Pursuant to the federal Fair Labor Standards Act (FLSA) and its implementing regulations, the Living Wage set by Miami-Dade County for Plaintiffs, at Miami-Dade International Airport, is the applicable minimum wage, or regular rate.

21. Plaintiffs were paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

22. Plaintiffs CARLOS A. CABANAS, HERLAM E. FIGUEROA, ABEL PRIETO, and MOISES ROMAN seek to recover unpaid regular and overtime hours, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked in excess of forty.

# COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AS TO PLAINTIFF CARLOS A. CABANAS

24. Plaintiff CARLOS A. CABANAS re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff and those similarly-situated to recover from the Employer CARGO FORCE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant CARGO FORCE employed Plaintiff CARLOS A. CABANAS for two periods; from approximately January 3, 2011 to October 13, 2013; and then from approximately November 21, 2015 to April 29, 2016, or 23 weeks. For FLSA purposes Plaintiff's relevant period of employment is 23 weeks.

27. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent.  Plaintiff's hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9 which determined the rate of $12.63 for the period October 2015 to September 2016.

28. During all the relevant period that Plaintiff worked for Defendant, he maintained the morning shift, 6 days per week from 5:00 AM to 5:00 PM, (12 hours daily), or 72 hours weekly. Plaintiff did not take any lunch break.

29. In addition, Plaintiff was called to work on-call at least 2 days in a week, from 7:00 PM to 12:00 AM (5 hours daily). These extra 10 hours added to Plaintiff's regular shifts represented a total of 82 hours every week period.

30. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week.  Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time was determined and controlled by Defendant.

31. Defendant paid just for single hours or half hours, Defendant routinely rounded down more than 15 minutes of Plaintiff and other similarly situated employees working hours. Plaintiff was paid for an average of 32 regular hours every week period.

32. In addition to the waiting time that was not paid, Plaintiff was not compensated for 10 hours of compensable on-call time, which represented overtime hours.

33. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

34. Management kept time logs where they wrote only the number of hours actually worked servicing the aircraft, and ignored the mandatory 12 hours daily shifts and on-call time.

35. Plaintiff CARLOS A. CABANAS is owed an average of 8 regular hours, at the applicable rate, plus 42 hours of compensable waiting call, and on-call hours, which constitute overtime hours, that must be paid at the rate of time and a half his regular rate.

36. The records, if any, concerning the number of hours actually worked by Plaintiff, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid overtime wages</u>:

   Eighteen Thousand Two Hundred Ninety-Six Dollar and 04/100 ($18,296.04)

   b. <u>Calculation of such wages</u>:

   Total relevant period of employment: 23 weeks
   Total of hours worked: 82 weekly
   Total O/T hours: 42 hours weekly
   Wage rate: $12.63 x 1.5 =$18.94 O/T rate

   $18.94 O/T rate x 42 O/T hours=$795.48 weekly x 23 weeks=$18,296.04

   <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid overtime.

38. At all times, the Employer/Defendant CARGO FORCE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours

provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendant CARGO FORCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS A. CABANAS and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant CARGO FORCE on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS A. CABANAS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO PLAINTIFF CARLOS A. CABANAS</u>**

42. Plaintiff CARLOS A. CABANAS re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

44. Defendant CARGO FORCE employed Plaintiff CARLOS A. CABANAS for two periods; from approximately January 3, 2011 to October 13, 2013; and then from

approximately November 21, 2015 to April 29, 2016, or 23 weeks. For FLSA purposes Plaintiff's relevant period of employment is 23 weeks.

45. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9 which determined the rate of $12.63 an hour for the period from October 2015 to September 2016.

46. During all the time that Plaintiff worked for Defendant, he maintained a regular schedule 6 days per week, minimum 72 hours weekly, plus minimum 10 additional on-call hours which totaled 82 hours weekly. Plaintiff did not take any lunch break.

47. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week. Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time was determined and controlled by Defendant.

48. Defendant paid just for single hours or half-hours, Defendant routinely rounds down more than 15 minutes of Plaintiff and other similarly situated employees working hours.

49. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

50. Plaintiff CARLOS A. CABANAS is owed an average of 8 regular working hours, in every week. Defendant failed to pay Plaintiff minimum wages for a substantial number of hours in violation of the minimum wage provision of the Fair Labor Standard Act.

51. Pursuant to the federal Fair Labor Standards Act (FLSA) and its implementing regulations, the Living Wage set by Miami-Dade County for Plaintiff, cargo ramp employees at Miami-Dade International Airport, is the applicable minimum wage, or regular rate.

52. Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

53. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

54. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

55. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  Total amount of alleged unpaid wages:

        Two Thousand Three Hundred Twenty-Three Dollars and 92/100 ($2,323.92)

    b.  Calculation of such wages:

        Total relevant period of employment: 23 weeks
        Total of hours worked:  99 hours weekly
        Total regular hours worked:  40 hours weekly
        Total regular hours paid:  32 hours average weekly
        Total regular unpaid hours: 8 hours average weekly
        Applicable wage rate: $12.63 an hour

$12.63 x 8 hours=$101.04 weekly x 23 weeks=$2,323.92

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages, as per County Living Wage Ordinance 2-8.9.

56. Defendant CARGO FORCE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

57. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

58. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

59. Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS A. CABANAS respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant CARGO FORCE, on the

basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS A. CABANAS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT III:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME;</u>**
**<u>AS TO PLAINTIFF HERLAM E. FIGUEROA</u>**

61. Plaintiff HERLAM E. FIGUEROA re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

62. This action is brought by Plaintiff and those similarly-situated to recover from the Employer CARGO FORCE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

63. Defendant CARGO FORCE employed Plaintiff HERLAM E. FIGUEROA from approximately August 31, 2013 to August 20, 2014, or 50 weeks. However, for FLSA purposes Plaintiff's relevant period of employment is 24 weeks.

64. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff's hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined the rate of $12.46 from October 1, 2014 to September 2015.

65. During all the relevant period that Plaintiff worked for Defendant, he maintained the night shift, 6 days per week from 6:00 PM to 6:00 AM, (12 hours daily), or 72 hours weekly. Plaintiff did not take any lunch break.

66. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week. Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time was determined and controlled by Defendant.

67. Defendant paid just for single hours or half hours, Defendant routinely rounded down more than 15 minutes of Plaintiff and other similarly situated employees working hours. Plaintiff was paid for an average of 32 hours every week period.

68. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

69. Management kept time logs where they wrote only the number of hours worked with the plane, and ignored the mandatory 12 hours daily shifts and any on-call time.

70. Plaintiff HERLAM E. FIGUEROA is owed an average of 8 regular hours, at the applicable rate, plus 32 hours of compensable waiting call, which constitute overtime hours, that must be paid at the rate of time and a half his regular rate.

71. The records, if any, concerning the number of hours worked by Plaintiff, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

72. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged unpaid overtime wages:

   Fourteen Thousand Three Hundred Fifty-Three Dollars and 92/100 ($14,353.92)

   b. Calculation of such wages:

   Total relevant period of employment: 24 weeks
   Total of hours worked: 72 weekly
   Total O/T hours: 32 hours weekly
   Wage rate: $12.46 x 1.5 =$18.69 O/T rate

   $18.69 O/T rate x 32 O/T hours=$598.00 weekly x 24 weeks=$14,353.92

   Nature of wages (e.g. overtime or straight time):

   This amount represents the unpaid overtime.

73. At all times, the Employer/Defendant CARGO FORCE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

74. Defendant CARGO FORCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

75. Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

76. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff HERLAM E. FIGUEROA and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant CARGO FORCE on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid

compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff HERLAM E. FIGUEROA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT IV:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO PLAINTIFF HERLAM E. FIGUEROA**

77. Plaintiff HERLAM E. FIGUEROA re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

78. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

79. Defendant CARGO FORCE employed Plaintiff HERLAM E. FIGUEROA from approximately August 31, 2013 to August 20, 2014, or 50 weeks. However, for FLSA purposes Plaintiff's relevant period of employment is 24 weeks.

80. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined the rate of $12.63 an hour for the period from October 2015 to September 2016.

81. During all the time that Plaintiff worked for Defendant, he maintained a regular schedule 7 days per week, minimum 72 hours weekly. Plaintiff did not take any lunch break.

82. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week. Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time is determined and controlled by Defendant.

83. Defendant paid just for single hours or half-hours, Defendant routinely rounds down more than 15 minutes of Plaintiff and other similarly situated employees working hours.

84. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

85. Plaintiff HERLAM E. FIGUEROA is owed an average of 8 regular working hours, in every week. Defendant failed to pay Plaintiff minimum wages for a substantial number of hours in violation of the minimum wage provision of the Fair Labor Standard Act.

86. Pursuant to the federal Fair Labor Standards Act (FLSA) and its implementing regulations, the Living Wage set by Miami-Dade County for Plaintiff, cargo ramp employees at Miami-Dade International Airport, is the applicable minimum wage, or regular rate.

87. Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

88. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

89. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

90. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  Total amount of alleged unpaid wages:

    Two Thousand Three Hundred Ninety-Two Dollars and 32/100 ($2,392.32)

    b.  Calculation of such wages:

    Total relevant period of employment: 24 weeks
    Total of hours worked: 72 hours weekly
    Total regular hours worked: 40 hours weekly
    Total regular hours paid: 32 hours average weekly
    Total regular unpaid hours: 8 hours average weekly
    Applicable wage rate: $12.46 an hour

$12.46 x 8 hours=$99.68 weekly x 24 weeks=$2,392.32

    c. <u>Nature of wages:</u>

      This amount represents unpaid minimum wages, as per County Living Wage Ordinance 2-8.9.

91. Defendant CARGO FORCE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

92. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

93. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

94. Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

95. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff HERLAM E. FIGUEROA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant CARGO FORCE, on the

basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff HERLAM E. FIGUEROA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT V:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AS TO PLAINTIFF ABEL PRIETO</u>**

96. Plaintiff ABEL PRIETO re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

97. This action is brought by Plaintiff and those similarly-situated to recover from the Employer CARGO FORCE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

98. Defendant CARGO FORCE employed Plaintiff ABEL PRIETO from approximately May 15, 2015 to March 15, 2016, or 43 weeks.

99. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff's hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined the rate of $12.63 an hour for the period from October 2015 to September 2016.

100. During all the relevant period that Plaintiff worked for Defendant, he maintained the night shift. Plaintiff worked 5 days per week from 6:00 PM to 6:00 AM, (12 hours daily), or 60 hours weekly. Plaintiff did not take any lunch break.

101. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week. Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time was determined and controlled by Defendant.

102. Defendant paid just for single hours or half hours, Defendant routinely rounded down more than 15 minutes of Plaintiff and other similarly situated employees working hours. Plaintiff was paid for an average of 32 hours every week period.

103. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

104. Management kept time logs where they wrote only the number of hours worked with the plane, and ignored the mandatory 12 hours daily shifts and any on-call time.

105. Plaintiff ABEL PRIETO is owed an average of 8 regular hours, at the applicable rate, plus 20 hours of compensable waiting call, which constitute overtime hours, that must be paid at the rate of time and a half his regular rate.

106. The records, if any, concerning the number of hours worked by Plaintiff, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

107. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged unpaid overtime wages:

   Sixteen Thousand Two Hundred Eighty-Eight Dollars and 40/100 ($16,288.40)

   b. Calculation of such wages:

   Total relevant period of employment: 43 weeks
   Total of hours worked: 60 weekly
   Total O/T hours: 20 hours weekly
   Wage rate: $12.63 x 1.5 =$18.94 O/T rate

   $18.94 O/T rate x 20 O/T hours=$378.80 weekly x 43 weeks=$16,288.40

   Nature of wages (e.g. overtime or straight time):

   This amount represents the unpaid overtime.

108.    At all times, the Employer/Defendant CARGO FORCE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

109.    Defendant CARGO FORCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

110.    Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

111.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ABEL PRIETO and those similarly-situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff and other similarly-situated and against the Defendant CARGO FORCE on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid

compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ABEL PRIETO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT VI:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO PLAINTIFF ABEL PRIETO**

112.  Plaintiff ABEL PRIETO re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

113.  This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

114.    Defendant CARGO FORCE employed Plaintiff ABEL PRIETO from approximately May 15, 2015 to March 15, 2016, or 43 weeks.

115.    Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined a rate of $12.63 an hour for the period from October 2015 to September 2016.

116.    During all the time that Plaintiff worked for Defendant, he maintained a regular schedule of 5 days per week, minimum 60 hours weekly. Plaintiff did not take any lunch break.

117.    However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week.  Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time is determined and controlled by Defendant.

118.    Defendant paid just for single hours or half-hours, Defendant routinely rounds down more than 15 minutes of Plaintiff and other similarly situated employees working hours.

119.    Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

120.    Plaintiff ABEL PRIETO is owed an average of 8 regular working hours, in every week.  Defendant failed to pay Plaintiff minimum wages for a substantial number of hours in violation of the minimum wage provision of the Fair Labor Standard Act.

121.   Pursuant to the federal Fair Labor Standards Act (FLSA) and its implementing regulations, the Living Wage set by Miami-Dade County for Plaintiff, cargo ramp employees at Miami-Dade International Airport, is the applicable minimum wage, or regular rate.

122.   Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

123.   The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant.   However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

124.   Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

125.   Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.   <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Three Hundred Ninety-Two Dollars and 32/100 ($2,392.32)

   b.   <u>Calculation of such wages</u>:

   Total relevant period of employment: 43 weeks
   Total of hours worked:  60 hours weekly
   Total regular hours worked:  40 hours weekly
   Total regular hours paid:  32 hours average weekly
   Total regular unpaid hours: 8 hours average weekly
   Applicable wage rate: $12.63 an hour

$12.63 x 8 hours=$101.04 weekly x 43 weeks=$4,344.72

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages, as per County Living Wage Ordinance 2-8.9.

126.    Defendant CARGO FORCE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

127.    Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

128.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

129.    Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

130.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ABEL PRIETO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant CARGO FORCE, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ABEL PRIETO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT VII:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)</u>**
**<u>(1) FAILURE TO PAY OVERTIME; AS TO PLAINTIFF MOISES ROMAN</u>**

131. Plaintiff MOISES ROMAN re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

132. This action is brought by Plaintiff and those similarly-situated to recover from the Employer CARGO FORCE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

133.    Defendant CARGO FORCE employed Plaintiff MOISES ROMAN from approximately from December 28, 2014 to April 22, 2016, or 69 weeks.

134.    Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff's hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined the rate of $12.46 an hour from October 1, 2014 to September 2015, and $12.63 an hour for the period from October 2015 to September 2016.

135.    During all the relevant period that Plaintiff worked for Defendant, he maintained the night shift. Plaintiff worked 6 days per week from 5:00 AM to 5:00 PM, (12 hours daily), or 72 hours weekly. Plaintiff did not take any lunch break.

136.    However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week.  Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time was determined and controlled by Defendant.

137.    Defendant paid just for single hours or half hours, Defendant routinely rounded down more than 15 minutes of Plaintiff and other similarly situated employees working hours. Plaintiff was paid for an average of 32 hours every week period.

138.    Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

139.    Management kept time logs where they wrote only the number of hours worked with the plane, and ignored the mandatory 12 hours daily shifts and any on-call time.

140.   Plaintiff MOISES ROMAN is owed an average of 8 regular hours, at the applicable rate, plus 20 hours of compensable waiting call, which constitute overtime hours, that must be paid at the rate of time and a half his regular rate.

141.   The records, if any, concerning the number of hours worked by Plaintiff, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.  Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

142.   Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.   Total amount of alleged unpaid overtime wages:

      Forty-One Thousand Five Hundred Seven Dollars and 52/100 ($41,507.52)

   b.   Calculation of such wages:

      Total relevant period of employment: 69 weeks
      Total of hours worked:  72 weekly
      Total O/T hours:  32 hours weekly

      **1.-Overtime from December 28, 2014 to September 30, 2015=39 weeks**
      Wage rate: $12.46 x 1.5 =$18.69 O/T rate

      $18.69 O/T rate x 32 O/T hours=$598.08 weekly x 39 weeks=$23,325.12

      **2.-Overtime from October 1, 2015 to April 22, 2016=30 weeks**
      Wage rate: $12.63 x 1.5 =$18.94 O/T rate

      $18.94 O/T rate x 32 O/T hours=$606.08 weekly x 30 weeks=$18,182.40

Total 1 and 2: 41,507.52

Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

143.    At all times, the Employer/Defendant CARGO FORCE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

144.    Defendant CARGO FORCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

145.    Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

146.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOISES ROMAN and those similarly-situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff and other similarly-situated and against the Defendant

CARGO FORCE on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MOISES ROMAN and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT VIII:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO PLAINTIFF MOISES ROMAN</u>**

147.    Plaintiff MOISES ROMAN re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

148.    This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

149. Defendant CARGO FORCE employed Plaintiff MOISES ROMAN from approximately December 28, 2014 to April 22, 2016, or 69 weeks.

150. Plaintiff was a non-exempt hourly employee, and had duties as ramp agent. Plaintiff's hourly rate was subjected to the Dade County Living Wage Ordinance 2-8.9, which determined the rate of $12.46 an hour from October 1, 2014 to September 2015, and $12.63 an hour for the period from October 2015 to September 2016.

151. During all the time that Plaintiff worked for Defendant, he maintained a regular schedule of 6 days per week, minimum 72 hours weekly. Plaintiff did not take any lunch break.

152. However, Plaintiff and other similarly situated individuals were paid for less than 40 hours every week. Plaintiff was not compensated for on-duty waiting time that was spent for the benefit of Defendant. This waiting time is determined and controlled by Defendant.

153. Defendant paid just for single hours or half-hours, Defendant routinely rounds down more than 15 minutes of Plaintiff and other similarly situated employees working hours.

154. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

155.    Plaintiff MOISES ROMAN is owed an average of 8 regular working hours, in every week.  Defendant failed to pay Plaintiff minimum wages for a substantial number of hours in violation of the minimum wage provision of the Fair Labor Standard Act.

156.    Pursuant to the federal Fair Labor Standards Act (FLSA) and its implementing regulations, the Living Wage set by Miami-Dade County for Plaintiff, cargo ramp employees at Miami-Dade International Airport, is the applicable minimum wage, or regular rate.

157.    Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

158.    The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

159.    Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

160.    Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.   Total amount of alleged unpaid wages:

   Six Thousand Nine Hundred Eighteen Dollars and 72/100 ($6,918.72)

   b.   Calculation of such wages:

   **1.-Min. wages from December 28, 2014 to September 30, 2015=39 weeks**

Minimum wage rate: $12.46 an hour

$12.46 x 8 regular hours=$99.68 weekly x 39 weeks=$3,887.52

**2.-Overtime from October 1, 2015 to April 22, 2016=30 weeks**
Minimum wage rate: $12.63 an hour

$12.63 x 8 regular hours=$101.04 weekly x 30 weeks=$3,031.20

Total Minimum wage 1, and 2: $6,918.72

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages as per County Living Wage Ordinance 2-8.9.

161.    Defendant CARGO FORCE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

162.    Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

163.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

164.    Defendant CARGO FORCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

165.    Plaintiff has retained the law offices of the undersigned attorney to represent him

in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MOISES ROMAN respectfully requests that this Honorable

Court:

A.    Enter judgment for Plaintiff and against the Defendant CARGO FORCE, on the

basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. and other Federal Regulations; and

B.    Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

C.    Award Plaintiff an equal amount in double damages/liquidated damages; and

D.    Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.    Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MOISES ROMAN and those similarly-situated demand trial by jury of

all issues triable as of right by jury.

Dated:  March 15, 2017                                      Respectfully submitted,

                                                            By:  <u>**/s/ Zandro E. Palma**</u>
                                                            ZANDRO E. PALMA, P.A.
                                                            Florida Bar No.: 0024031
                                                            9100 S. Dadeland Blvd.
                                                            Suite 1500
                                                            Miami, FL 33156
                                                            Telephone: (305) 446-1500
                                                            Facsimile:  (305) 446-1502
                                                            zep@thepalmalawgroup.com
                                                            *Attorney for Plaintiffs*